IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARIO D. HAWKINS, <br><br> Petitioner, <br><br> v. <br><br> JESSE MONTGOMERY, Director, Illinois Department of Corrections Parole Division, <br><br> Respondent. | ) ) ) ) ) ) ) ) No. 10 C 384 ) ) ) ) The Honorable ) James F. Holderman, ) Judge Presiding. |

**MOTION TO DISMISS WITHOUT PREJUDICE**

Pursuant to 28 U.S.C. § 2254(b)(1)(A) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and in accordance with this Court's order to answer or otherwise plead to petition for a writ of habeas corpus filed in the above-captioned cause (Doc. 17), respondent JESSE MONTGOMERY moves to dismiss the petition without prejudice for failure to exhaust state court remedies. In the alternative, the Court should stay these proceedings until the conclusion of petitioner's pending state postconviction proceedings. In support, respondent states:

1. Petitioner Mario D. Hawkins, identified as prisoner number N14062, is currently serving a term of mandatory supervised release (parole) and is in the legal custody of respondent Jesse Montgomery, the Director of the Illinois Department of Corrections' Parole Division.

2. In 2005, following a bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of two counts of domestic battery and was sentenced to consecutive terms of six years of imprisonment. *See* State Court Docket Sheet, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.) (Exh. A) at 4. His motion to reduce sentence was denied on September 15, 2005. *Id.*

3. Petitioner did not file a timely notice of appeal, and his motion to file a late notice of appeal was denied. *See* Order, *People v. Hawkins*, No. 1-06-0742 (Ill.App. 2006) (Exh. B); Order Denying Motion For Supervisory Order, *Hawkins v. People*, No. 11692 (Ill. 2006) (Exh. C).

4. On September 19, 2006, petitioner filed a petition for relief from judgment in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-1401. *See* Motion For A Void Judgment Instanter, *People v. Hawkins*, No. 04-CR-17120 (Exh. D). On November 8, 2006, the circuit court notified petitioner, pursuant to *People v. Shellstrom*, 833 N.E.2d 863 (Ill. 2005), that it intended to re-characterize the petition for relief from judgment as a postconviction petition under 725 ILCS 5/122-1, *et seq.*, and gave petitioner twenty-one days to inform the court whether he wished to withdraw the petition or have it re-characterized. *See* Order, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.) (Exh. E). On November 22, 2006, petitioner filed a motion to amend his pleadings, informing the court that he intended "to raise all the needed claims in order to conform to the rules of a post-conviction filing." *See* Motion To Amend Proceedings Instanter, *People v. Hawkins*,

No. 04-CR-17120 (Exh. F). On January 3, 2007, the circuit court denied the motion to amend. *See* Report of Proceedings, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.) (Exh. G). Petitioner appealed the circuit court's January 3, 2007 order denying the motion to amend, and that case was docketed in the Illinois Appellate Court as 1-07-0332.

5. In the meantime, on December 26, 2006, petitioner filed an amended postconviction petition in the Circuit Court of Cook County. *See* Amended Postconviction Petition, *People v. Hawkins*, No. 04-CR-17120 (Exh. H). On May 11, 2007, the circuit court ordered the matter "off call" and ruled that its November 8, 2006 order would stand. *See* Report of Proceedings, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.) (Exh. I). Petitioner appealed this order, and the case was docketed in the appellate court as 1-07-1686.

6. The appellate court consolidated the appeals, and on July 1, 2008, granted petitioner's (counseled) agreed motion for summary disposition in the consolidated appeals, remanding to the circuit court for "a determination as to whether the claims contained in [petitioner's] original § 2-1401 petition and in the amended motion for post-conviction relief . . . are frivolous or patently without merit." *See* Agreed Order Of Summary Disposition, *People v. Hawkins*, Nos. 1-07-0332 & 1-07-1686, cons. (Ill.App. 2008) (Exh. J).[1]

---

[1] Petitioner's pro se "Motion in Opposition to Any Agreed Motion for Summary Disposition Unless the Appellate Court Retains Jurisdiction Instanter" was not considered because the court's mandate had already issued. *See* Order, *People v. Hawkins*, Nos. 1-07-0332 & 1-07-1686 (Ill.App. 2008) (Exh. K).

7.      On January 5, 2010, on remand, the circuit court dismissed petitioner's postconviction petition, and petitioner filed a timely notice of appeal. *See* Notice of Appeal, *People v. Hawkins*, No. 02-CR-17120 (Exh. L). Petitioner asserts that he withdrew the appeal because he "believ[ed] that he could not receive an impartial hearing" and that "the Court [would] den[y] the appeal anyways." Pet. (Doc. 16) at 4. However, on February 25, 2010, petitioner's appointed counsel from the Office of the State Appellate Defender filed a docketing statement in the appellate court. *See* Docketing Statement, *People v. Hawkins*, No. 1-10-0311 (Exh. M). On March 31, 2010, the appellate court granted petitioner's counsel's motion to extend the time for filing the record on appeal to May 24, 2010. *See* Order, *People v. Hawkins*, No. 1-10-0311 (Ill.App. 2010) (Exh. N). On May 17, 2010, petitioner's counsel filed a second motion to extend the time for filing the record on appeal, to July 19, 2010. *See* Motion For Extension of Time to File Appellant's Record, *People v. Hawkins*, No. 1-10-0311 (Exh. O).

8.      On November 23, 2009, petitioner filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.[2] On March 29, 2010, pursuant to this Court's order, petitioner filed an amended petition. The amended petition presents the following claims:

a.      petitioner was arrested without a valid arrest warrant;

b.      trial and appellate counsel was ineffective;

---

[2] The petition was filed in the United States District Court for the Central District of Illinois, but was transferred to this Court. (Doc. 6).

    c.    petitioner's sentence is excessive and he was not admonished about his term of mandatory supervised release; and

    d.    unidentified people or agencies have created inordinate delay.

    9.    The following state court materials in support of this motion to dismiss are being electronically filed contemporaneously with this motion:

    Exhibit A:    State Court Docket Sheet, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.);

    Exhibit B:    Order, *People v. Hawkins*, No. 1-06-0742 (Ill.App. 2006);

    Exhibit C:    Order Denying Motion For Supervisory Order, *Hawkins v. People*, No. 11692 (Ill. 2006);

    Exhibit D:    Motion For A Void Judgment Instanter, *People v. Hawkins*, No. 04-CR-17120;

    Exhibit E:    Order, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.);

    Exhibit F:    Motion To Amend Proceedings Instanter, *People v. Hawkins*, No. 04-CR-17120;

    Exhibit G:    Report of Proceedings, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.);

    Exhibit H:    Amended Postconviction Petition, *People v. Hawkins*, No. 04-CR-17120;

    Exhibit I:    Report of Proceedings, *People v. Hawkins*, No. 04-CR-17120 (Cook Cty. Cir. Ct.);

    Exhibit J:    Agreed Order Of Summary Disposition, *People v. Hawkins*, Nos. 1-07-0332 & 1-07-1686, cons. (Ill.App. 2008);

    Exhibit K:    Order, *People v. Hawkins*, Nos. 1-07-0332 & 1-07-1686, cons. (Ill.App. 2008);

Exhibit L: Notice of Appeal, *People v. Hawkins*, No. 02-CR-17120;

Exhibit M: Docketing Statement, *People v. Hawkins*, No. 1-10-0311;

Exhibit N: Order, *People v. Hawkins*, No. 1-10-0311 (Ill.App. 2010); and

Exhibit O: Motion For Extension of Time to File Appellant's Record, *People v. Hawkins*, No. 1-10-0311.

## ARGUMENT

10. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

11. This "exhaustion requirement . . . ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment," *Duncan v. Walker*, 533 U.S. 167, 178 (2001), because "'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

12. Petitioner has not "exhausted the remedies available in the courts of the State," § 2254(b)(1), because his appeal from the state circuit court's denial of his postconviction petition remains pending in the Illinois Appellate Court. Before petitioner can present his claims for federal habeas review, he first must give the state courts a full and fair opportunity to review those claims throughout one complete round of the State's established appeals process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Because petitioner has not done so with respect to any of the claims presented in his federal habeas petition, and because available state processes for presenting such claims exist (his pending state postconviction appeal and, if necessary, a petition for leave to appeal in the Illinois Supreme Court), the petition should be dismissed without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (federal habeas petition "should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *see also Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

13. Although § 2254(b) provides an exception to the exhaustion requirement where "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant," § 2254(b)(1)(B)(i-ii), neither exception is implicated here. *First*, "available State corrective process" does exist. Indeed, petitioner filed a postconviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, and has now appealed

the denial of that petition to the state appellate court. *Second*, there is no reason to conclude that this process is "ineffective to protect [petitioner's] rights" within the meaning of § 2254(b)(1)(B)(ii). The standard "is not whether the state court w[ill] be inclined to rule in the petitioner's favor, but whether there is any *available* state court procedure for determining the merits of petitioner's claim[s]." *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) (emphasis added). There certainly is, and petitioner is currently employing those procedures.[3]

14. Moreover, those state processes have not been rendered ineffective by any "[i]nordinate, unjustifiable delay." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Although petitioner filed his motion for relief from judgment in September 2006, and his amended postconviction petition in December 2006, there has been no "[i]nordinate, unjustifiable delay" in those state proceedings that would permit petitioner to bypass the exhaustion requirement. Delay is "unjustifiable" only if it is attributable to the State, rather than to the petitioner. *See Sceifers v. Trigg,* 46 F.3d 701, 703-04 (7th Cir. 1995); *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). Here, the delays in petitioner's postconviction proceedings — even if

---

[3] Petitioner asserts that he withdrew his state postconviction appeal. Pet. (Doc. 16) at 4. This contention is refuted by the record, which demonstrates that the appeal remains pending. *See supra* ¶ 7. But, if true, by withdrawing the state appeal, petitioner would render his federal habeas claims procedurally defaulted. *See Boerckel*, 526 U.S. at 845 (to preserve claims for federal habeas review, petitioner must present them in state court throughout one complete round of the State's established appeals process); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

they were "[i]nordinate," which they are not — cannot be considered "unjustifiable" because they are attributable to petitioner.

15.   For instance, after petitioner appealed the dismissal of his initial petition, he moved (through counsel) to remand to the circuit court for further proceedings. It is true that petitioner filed a pro se opposition to counsel's agreed motion, but petitioner did not move to fire counsel, and in Illinois there is no right to dual representation. *See People v. James*, 841 N.E.2d 1109, 1113 (Ill.App. 2006) ("A defendant has the right either to have counsel represent him or to represent himself. However, a defendant does not have the right to both self-representation and the assistance of counsel. . . . [W]hen a defendant is represented by counsel, the defendant generally has no authority to file pro se motions, and the court should not consider them.") (internal citations omitted). Because "a lawyer speaks for her client[,] . . . the request [for remand] (and thus the delay) cannot be attributed to [the State]." *Lane*, 957 F.2d at 365; *see also id*. ("All [petitioner] need do is fire [his counsel] and request a hearing. . . . [A]s the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution.").

16.   On remand, the circuit court again dismissed the petition, and that appeal is now pending in the state appellate court. The only delay in the appeal, thus far, has been occasioned by petitioner's counsel's two motions to extend the time for filing the appellate record — another delay that is neither inordinate nor attributable to the State. *Id.*; *see also Sceifers*, 46 F.3d at 703-03; *Bell v. Robert*, 402

F.Supp.2d 938, 943 (N.D. Ill. 2005) ("[I]f the delay cannot be attributed to the state, then the state's process cannot fairly be considered ineffective for purposes of Section 2254(b).").

17. In sum, petitioner has not exhausted his available state court remedies as to any of the claims presented in his federal habeas petition. His petition, therefore, should be dismissed without prejudice. *See Coleman*, 501 U.S. at 731 (1991) (federal habeas petition "should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Rose*, 455 U.S. at 518-20.

18. In the alternative, given that petitioner would have little time remaining on § 2244(d)(1)'s statute of limitations if his petition were dismissed without prejudice, this Court could instead stay these federal habeas proceedings until the state court proceedings on petitioner's postconviction petition are complete and his state court remedies are exhausted. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (court should consider whether stay, rather than dismissal without prejudice, is appropriate "where [a] dismissal would effectively end any chance at federal habeas review").

## **CONCLUSION**

This Court should dismiss petitioner's petition for a writ of habeas corpus without prejudice. In the alternative, the Court should stay these federal habeas proceedings until petitioner's state court proceedings have concluded.

May 26, 2010                                        Respectfully submitted,

                                                    LISA MADIGAN
                                                    Attorney General of Illinois


                                    By:    s/Eric M. Levin
                                           ERIC M. LEVIN, Bar # 6284971
                                           Assistant Attorney General
                                           100 West Randolph Street, 12th Floor
                                           Chicago, Illinois 60601-3218
                                           TELEPHONE: (312) 814-8812
                                           FAX: (312) 814-2253
                                           E-MAIL: elevin@atg.state.il.us

## **CERTIFICATE OF SERVICE**

  I certify that on May 26, 2010, I electronically filed respondent's **Motion to Dismiss Without Prejudice** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of this document via the United States Postal Service to the following non-CM/ECF user:

   Mario D. Hawkins
   4909 W. Huron St., 1st Floor
   Chicago, IL 60644


            s/Eric M. Levin
            ERIC M. LEVIN, Bar # 6284971
            Assistant Attorney General
            100 West Randolph Street, 12th Floor
            Chicago, Illinois 60601
            TELEPHONE: (312) 814-8812
            FAX: (312) 814-2253
            E-MAIL: elevin@atg.state.il.us