*MHW*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
6-10-2010
JUN 1 0 2010 **NF**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Mario D. Hawkins,  )
        Petitioner,  )
          )
vs.  ) Case No. 10 C 384.
          )
Jesse Montgomery, et al.,  ) Honorable Chief James F. Holderman,
        Respondents.  )                    Judge Presiding.

## MOTION IN OPPOSITION

**Comes Now**, Mario D. Hawkins, Petitioner/Pro-Se, and respectfully requests this Honorable Chief Court to consider pursuant to Federal Rules Civil Procedure, Rules: 7, 8, 10 and 11, notwithstanding U.S.C.A. ¶14, seeking the relief sought.

In Support Thereof, petitioner avers:

1. That he is currently serving an excessive sentence, which concerns (MSR), an additional term of imprisonment, to the which the petitioner was never fully admonished regarding such additional sentence. **See: Transcripts of Sentencing Hearing, Pages: 27-F to 31-F.**

2. Petitioner states that he was originally charged with a misdemeanor offense of violation of an order of protection, however he was denied his due process rights by being unlawfully restrained in the Chicago Police Department's custody, beyond a 48-hours period, without a valid warrant. **See: Case Number: 04 CV 6804, United States District Court, Northern District Of Illinois, Eastern Division, Dunn vs. City Of Chicago, which is still pending.**

3. Petitioner states once again that he never filed a timely notice of appeal because he was unawares that retained counsel had not filed an appeal, although counsel had assured petitioner he would file said appeal, nevertheless, through due diligence and a "fishing expedition" petitioner later finds out that counsel never filed an appeal, nor had counsel informed petitioner of any filings of a motion to reduce sentence(s) and/or the outcome of said filed motions. **See: Copy of Supervisory Order, whereas all these grounds/issues are raised.**

4. Petitioner states that he indeed did file a motion for a void judgement instanter, raising constitutional deprivations, primarily due process for not being provided with a valid warrant, thus being detained against free will, and ineffective assistance of counselors. In furtherance, the circuit court erred because each courtdate shown indicates that petitioner should have been present, and it is a great likelihood had petitioner been present, the outcome of these proceedings would have bben much different.

5. Petitioner states that the circuit court, with respect, continued to cross its own wires by allowing its previous order to stand, thus continually infringing upon petitioner's due process rights.

6. Petitioner states that he filed a motion in opposition instanter stating that he was not in agreement with any agreed motion for summary disposition because petitioner was continually being placed upon a merry-go-round and spin-treatment, only to be forced to return back to the normal procedures/formalities.

7. Petitioner attaches an Order from the Illinois Supreme Court, showing cause that pursuant to comity, he give the State Courts one round to correct their errors and/or mistakes, and after playing their cat and mouse games around the mulberry bush, inordinate delay(s), petitioner was merely seeking due process of law.

8. Petitioner states for the record that he orignally filed this habeas corpus in the Central District of Illinois, requesting the respondents to show cause and produce documents, specifically the emergency grievance and letter, however, being before this Chief Court, the attached Order from the Illinois Supreme Court, as well as, the Case Number provided in Dunn versus City Of Chicago, No. 04 CV 384, clearly entitiles the petitioner to the relief requested, because constitutional claims/issues has been shown on its face.

## ARGUENDO

9. Petitioner filed a motion for a supervisory order to the Illinois Supreme Court, pursuant to the common rule of comity, giving the State Courts one round to correct any errors/mistakes.

10. Petitioner states that he has exhausted his state remedies by providing the State
    Courts one round to correct any errors/mistakes, within accordance of comity and
    since this Assistant Attorney General, with respect, perhaps concealed this Order
    from the Illinois Supreme Court, wherein it shows the self same issues/claims
    raised in the Illinois Supreme Court, is being presented to this Chief Court.

11. Petitioner states that in particular the State Courts have failed to afford
    him with a full and impartial hearing, thus rendering the State Courts unavailable
    and inadequate, a federal court should entertain a petition for habeas corpus
    relief, especially since no remedy exists in the State Courts, and in this
    instant case, time is of the essence, meaning that petitioner's time will
    be served (15 December 2010), and that the same claims/issues raised would
    be waived. See: **Ex parte Hawk, 321 U.S. at 450, and Ex parte Davis, 318 U.S. at
    412, 63 S.Ct. 679.**

12. Petitioner reiterates for the record that he has traveled down the road of
    appellate review, only to afford the appellate defender offices to use his
    motion for summary disposition against him, meaning that summary motion was
    originally drafted by the petitioner, therefore, rather than keep beating
    dead horses, petitioner requests this Chief Court to forthwith issue the
    Writ on its face, and/or allow an evidentiary hearing to commence, thus
    allowing petitioner the right to be heard. In furtherance, the respondent
    citing of cases concerning number twelve, specifically deals with frivolous
    claims somewhat and being that this Order from the Illinois Supreme Court
    was deliberately not made a part of the exhibits, petitioner requests that
    partial summary judgement be issued within accordance of 735 ILCS 5/2-1005.

13. Petitioner states that within accordance of 28 U.S.C. ¶2254(b), providing an
    exception requirement where there is an absence of available State corrective
    process or circumstances exist that render such process ineffective to protect
    the rights of the applicant, petitioner states that pursuant to U.S.C. ¶14, due
    process of law curtails the respondents' argument, because petitioner has fully

exhausted his State Court remedies and although respondents' indicate that petitioner filed a postconviction petition, if the respondents would have read the circuit court's docket sheet, it clearly indicates that a postconviction petition was filed on the onset and already heard, however, circuit court repeatly ruled for order to stand, from its 08 November 2006, ruling, thus violating due process and thereby creating inordinate delays, attributable to the State.

In furtherance, no remedy is available in this instant case but for habeas corpus review, because petitioner orally filed a grievance and before hearing all the issues/claims presented, he was denied, thus infringing upon due process and the right to be heard. See: **Motion In Opposition To Respondents' Motion In Opposition To Petitioner's Motion To Amend Proceedings.**

14. Petitioner states that he incorporates numbers fourteen to eighteen and states: For the record, petitioner represented him self after the cook county public defender's assistant refused to interview and/or call certain witnesses, yet, she was willing to help petitioner get a copout, therefore petitioner was forced to represent himself and in this juncture, certain documents was concealed and petitioner's motions was never filed, so being around the blocks afew times, petitioner retained counsel he personally knew, however, counsel was ineffective and was perhaps afraid to raise certain issues, nevertheless, bear in mind, that counsel told petitioner he would file this appeal and refused to do so, and this is what started the melting pot.

15. Petitioner states that the Constitution invokes a Sixth Amendment right to the effective assistance of counsel and this right shall never be violated and that the United States Supreme Court issued a two-prong test established in Wainwright versus Gideon, that counsel's performance fell below the reasonableness objective standard and but for the lack of counsel's performances the outcome of trial would have been different. In this instant case, counselors performances were lacking and since the Court refused to hear from the petitioner, quite naturally he did not fire them as stated by the Assistant Attorney General, however, it

suffices to state that the respondents has not addressed the issues/claims raised by the petitioner in his amended habeas corpus petition.

16. Petitioner incorporates numbers fourteen and fifteen and states that the appeal pending would only create and cause more inordinate delays and that petitioner's exigent circumstances call for an immediate hearing because as long as the appeal process would take, being that petitioner has traveled that road before, he requests this Chief Court to exercise its inherent authority and allow an evidentiary hearing to commence, thus allowing both parties to reach a valid conclusion.

17. Petitioner stands upon number thirtheen, which is not only used to dispose of garbage (file thirtheen), but employs number thirtheen in his argument to refute respondents' argument that he has not exhausted state remedies. See: **Ex parte Hawk, 321 U.S. at 450, and Ex parte Davis, 318 U.S. at 412, 63 S.Ct. 679.**

18. Petitioner states that once released by law onto (MSR), the person acquires a protected liberty interest protected by due process of law and that the State has created a statutorily created protected liberty interest in both, its Parole/ Mandatory Supervised Release and its Grievances Procedures, and since no law exists to deprive a person of release onto (MSR), the Department is subjecting a person to unlawful confinement void of due process if the person is held over and beyond his sentencing date, especially when it has been pointed out by the petitioner. The controlling case dealing with inmates' issues regarding a protected liberty interest is **Sandin v. Conner, 115 S.Ct. 2293 (1995). The Court in Sandin recognize that a protected liberty interest may be created by a State, Sandin, supra at 2300.** While the Court noted that generally the interest would be in regards to freedom from restraint, it maintains and cites the position of **Wolff v. McDonnell, 94 S.Ct. 2963, and Meachum v. Fano, 96 S.Ct. 2532 (1976). These three cases clearly show that Illinois, a State, may create a protected liberty interest protected by the due process clause. After abolishing**

Parole/1977, the legislature created a determinate sentence, see: Johnson v.

Franzen, Illinois 1979, 34 Ill.Dec. 153, People v. Lindsey, Illinois 2002,

264 Ill.Dec. 695, legislature under P.A. 80-1099, established paragraphs

1005-8-1 and 1003-8-8, thereby creating through expressed language, a State

created protected liberty interest in Mandatory Supervised Release for those

convicted of offenses committed after February 1, 1978, and allowed for inmates

to file grievances, within accordance of 1003-8-8, and that said grievances

shall be kept in the masterfile for one year. See: 730 ILCS 5/3-5-1 and 3-8-8.

Petitioner states that since his entire one year would have been served before

a decision can be rendered in this Chief Court, and the fact that he is also

confined to house arrest (Electronic-Monitoring) FOR THE ENTIRE ONE YEAR, since

he has raised the issue/claim of disparity requesting the respondents to show

cause, he requests this Court to consider entering and issuing an Order to

have the respondents' to show cause as to why the petitioner is still on this

Electronic Monitoring device as opposed to others whom have been released only

having to serve ninety days and petitioner requests that this answer serves

by incorporation to the respondents' motion in opposition to petitioner's

motion to amend proceedings, because each named respondent must need to be

entered into the proceedings for the record.

 Wherefore, petitioner/pro-se, respectfully requests this

 Honorable Chief Court to consider granting this Motion In

 Opposition in its entirety and/or in the alternative consider

 granting the petitioner whatsoever other equitable and appropriate

 relief avaliable. "THANK-YOU!"

Respectfully Submitted,

Date:  09 June 2010.

Petitioner/Pro-Se.
Mario D. Hawkins
4909 W. Huron Street
Chicago, Il. 60644
773/261-7704.
MDH/102.

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

### AFFIDAVIT

I, Mario D. Hawkins, Petitioner/Pro-Se, Case Number: 10 CV 384, states under oath pursuant to USCA ¶1746, that:

Within accordance of FRCP, Rule-7, 8, 10 and 11, petitioner is requesting partial summary judgement for deliberately not attaching the Illinois Supreme Court's Order in its exhibits and that pursuant to Rule-11, respondents' should be sanctioned for wasting the Court's time, knowing that it was a good try but the wrong guy and since respondents' failed to address the issues/claims raised in petitioner's amended habeas corpus petition, petitioner for the sake of time consummation, requests that an evidentiary hearing commences, so that petitioner can be entitled to the relief requested, because petitioner states that (MSR), Mandatory Supervised Release, according to the Federal Sentencing Guidelines, is an additional unbargained for sentence, thus needing to be addressed.

Petitioner requests the respondents to produce the documents asked of them on petitioner's original habeas corpus, in which respondents' should have answered before the Court transferred this cause to this jurisdiction, so petitioner is now requesting within accordance of 730 ILCS 5/3-5-1, the production of documents, and either ways, enter and issue an Order for the respondents to show cause and/or otherwise answer within an allotted time.

Further Sayeth Naught:

09 June 2010.

Affiant.

EX. A.

SUPREME COURT OF ILLINOIS
CLERK OF THE COURT
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 28, 2009

Mr. Mario D. Hawkins
Reg. No. N-14062
Logan Correctional Center
P. O. Box 1000
Lincoln, IL 62656

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No. 12310 - Mario D. Hawkins, movant, v. People State of
Illinois, respondent. Supervisory Order.

The motion by movant for a supervisory order
is <u>denied</u>.

cc: Hon. Lisa Madigan

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 5-17-10 | Offender: (Please Print) MARIO HAWKINS | ID#: N14062 |
|---|---|---|

| Present Facility: District 1 Parole | Facility where grievance issue occurred: |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

- ☐ Disciplinary Report: ____/____/____
  Date of Report                                 Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Relief Requested:** _____

_____

_____

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     ____/____/____
Offender's Signature                              ID#                      Date

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** _____

_____

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Mario D. Hawkins,
       Plaintiff(s) ,

CASE No.   10 CV 384.

vs.

JUDGE:

Jesse Montgomery, et al.,
       Defendant(s).

## PROOF OF SERVICE

TO:    Hon. Michael W. Dobbins  (Clerk)
       219 South Dearborn Street/20th Floor
       Chicago, Illinois 60602

TO:    Hon. Lisa M. Madigan (Attorney General)   C/O: Eric M. Levin
                                             Assistant Attorney General
       100 West Randolph Street/12th Floor
       Chicago, Illinois 60603

I, the undersigned (plaintiff/defendant), certify that on the 10th day of June , 2010

2009, I served a copy of this Motion In Opposition to each person whom it is

directed by way of personally filing with the U.S. Clerk and hand delivering to
the Illinois Attorney General's offices today.

Signature _____

Name  Mario D. Hawkins

Address   4909 W. Huron Street

City/Zip   Chicago, Il. 60644

Telephone   773/261-7704.