IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO D. HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 10 C 0384 |
| ) | |
| JESSE MONTGOMERY, ) | |
| Director of the Illinois Department of Corrections' ) | |
| Parole Division ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before this court is respondent Jesse Montgomery's motion to dismiss petitioner Mario D. Hawkins's amended § 2254 petition for failure to exhaust available state court remedies (Dkt. No. 24), as well as Hawkins's "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (Dkt. No. 4), Hawkins's "Motion to Amend Proceedings" (Dkt. No. 23), and Hawkins's "Motion for an Order of Preliminary Injunction and/or to Show Cause" (Dkt. No. 29). For the reasons set forth below, Respondent's motion is granted in part and Hawkins's amended § 2254 petition is stayed pending the conclusion of Hawkins's post-conviction proceedings in state court; Hawkins's motions are each denied.

PROCEDURAL HISTORY

On December 3, 2009, petitioner Mario D. Hawkins ("Hawkins") filed his "Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody" in federal court.

1

(Dkt. No. 1.) In his original petition, Hawkins noted that he was scheduled to be released from Logan Correctional Center on December 15, 2009, pursuant to a term of mandatory supervised release ("MSR"). (*Id.* ¶ 17(b).)

Two weeks later, on December 17, 2009, Hawkins filed a "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (Dkt. No. 4), in which he requested the court to order respondents Warden Austin S. Randolph, Jr. and IDOC Director Michael P. Randle to show cause why a preliminary injunction should not issue against them that would enjoin them "from ordering inmates to serve time on MSR after these inmates have served their sentences." (*Id.* at 2.) Hawkins also specifically sought to enjoin the respondents "from ordering petitioner to serve any MSR-TERM, that has not been properly admonished to the petitioner during sentencing." (*Id.*) On January 15, 2010, Hawkins's 2254 petition was transferred to this court in light of Hawkins's new place of residence. (Dkt. No. 6.) Thereafter, Hawkins's December 17, 2010 motion remained pending before this court. (*Id.* at 2 n.1.)

On January 26, 2010, the court ordered Hawkins to confirm his interest in pursuing this litigation and, if appropriate, to file an amended habeas petition in accordance with the court's order. (Dkt. No. 8.) Hawkins filed his amended habeas petition on March 29, 2010, and the court *sua sponte* named Jesse Montgomery, the Director of the Illinois Department of Corrections' Parole Division, as the proper respondent. (Dkt. No. 16 ("Hawkins's Am. Pet."); *see also* Dkt. No. 17.) The filing of Hawkins's amended petition had the effect of mooting Hawkins's December 17, 2009 motion.

In his amended petition, Hawkins asserts that habeas relief is warranted because (1) he was arrested without a valid warrant and denied the opportunity to appear before a judge within

2

48-hours of his arrest; (2) his trial counsel was constitutionally ineffective for failing to file a timely notice of appeal; (3) his appellate counsel on initial appeal of his post-conviction petition was constitutionally ineffective for "fail[ing] to allow plaintiff to bring forth other issues/claims"; (4) his MSR term was imposed without proper admonishment by the trial court; (5) his MSR term is an "excessive" sentence; and (6) unidentified persons or agencies caused inordinate delays that prejudiced Hawkins's ability to seek collateral relief in the state court. (Hawkins's Am. Pet. ¶ III.1.)

On May 18, 2010, while awaiting the filing of respondent's answer, Hawkins filed a "Motion to Amend Proceedings" (Dkt. No. 23) requesting the reinstatement of respondent Michael P. Randle and the addition of respondents Juan Baltierres and "Agent Morris." Meanwhile, on May 26, 2010, respondent Jesse Montgomery filed a "Motion to Dismiss Without Prejudice" seeking the dismissal of Hawkins's § 2254 petition in light of a pending appeal in state court of the January 5, 2010 dismissal of Hawkins's post-conviction petition. (Dkt. No. 24.) The court set a briefing schedule for both motions on May 25, 2010.

While the parties were in the process of briefing the two motions described above, on June 17, 2010, Hawkins also filed a "'Motion for an Order of Preliminary Injunction and/or to Show Cause" (Dkt. No. 29), in which he appears to seek relief from a new condition of his MSR. Hawkins alleges that "he is now being threatened by the implementation of the imposed conditions of the defendants, only an (8) hour movement for either day of Saturday or Sunday, [not] both days." (*Id.* ¶ 4.) Although Hawkins does not explicitly draw the connection, Hawkins's argument appears to be that this condition "has made it somewhat difficult for plaintiff to continue researching his case(s) and to also be able to exercise his religious rights

3

under the Religious Restoration Act." (*Id.* ¶ 2.)

These three motions (Dkt. Nos. 23, 24, and 29) are now fully-briefed and ripe for adjudication by this court.

ANALYSIS

1.   Motion to Dismiss

Section 2254 requires prisoners to "exhaust[ ] the remedies available in the courts of the State" before seeking relief from the federal courts, unless "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1). Respondent has argued that Hawkins's pending petition for habeas corpus relief must be dismissed because Hawkins failed to exhaust his state remedies. The court begins its analysis with a review of the procedural history of Hawkins's various filings in state court.

After his conviction on two counts of domestic battery in 2005, Hawkins was sentenced to two consecutive terms of six years' imprisonment. (Dkt. No. 24 ("Resp.'s Mot.") ¶ 2.) Hawkins did not file a timely notice of appeal, allegedly because of the ineffective assistance of his counsel. (*See* Hawkins's Am. Pet. ¶ III.1.(B).) Hawkins's *pro se* motion to file a late notice of appeal was denied. (Resp.'s Mot. ¶ 3.)

On September 19, 2006, Hawkins filed a "Motion for a Void Judgment Instanter" pursuant to 735 ILCS 5/2-1401. (*Id.* ¶ 4.) The trial court notified Hawkins on November 8, 2006, that it intended to re-characterize his filing as a post-conviction petition under 725 ILCS 5/122-1, *et seq.*, and gave Hawkins twenty-one days to inform the court whether he wished to withdraw or amend his initial petition. (*Id.*) Hawkins filed a "Motion to Amend Proceedings

4

Instanter" on November 22, 2006, notifying the court of his intention "to raise all the needed claims in order to conform to the rules of a post-conviction filing." (*Id.*) In his two-page motion, Hawkins further asked the court for copies of his initial filing "so that he may properly prepare his Brief." (Resp.'s Ex. F ¶¶ 3-4.) Apparently misreading the record, the trial court on January 3, 2007, denied Hawkins's motion as "merely a piece of paper entitled notification of motion . . . without any further documentation," noting "It is not even really a motion that he filed. A piece of paper." (Resp.'s Ex. G p. E-3, ln. 14-18.) Hawkins timely appealed this January 3, 2007 order. (Resp.'s Mot. ¶ 4.)

In the meantime, Hawkins also filed an amended post-conviction petition on December 26, 2006. (*Id.* ¶ 5.) On May 11, 2007, the trial court noted (erroneously) that Hawkins "never responded" to the November 8, 2006 order and that Hawkins's case had been taken "off of the call" on March 30, 2007, concluding that its previous order would stand. (*Id.*; *see also* Resp.'s Ex. I.) Hawkins appealed this order, as well, and his two appeals were consolidated. (Resp.'s Mot. ¶ 5.)

On July 1, 2008, the appellate court granted Hawkins's (counseled) agreed motion for summary disposition and remanded to the trial court for "a determination as to whether the claims contained in [Hawkins's] original § 2-1401 petition and in the amended motion for post-conviction relief . . . are frivolous or patently without merit." (*Id.* ¶ 6 (quoting Resp.'s Ex. J).) On November 5, 2009, Hawkins's post-conviction petition was dismissed by the state trial court. (Resp.'s Ex. A at 10.) The trial court then denied Hawkins's motion to reconsider on January 5, 2010. (*Id.* at 11.) Hawkins timely appealed the court's January 5, 2010 order, and his appointed counsel has sought, and has been granted, two extensions of time for filing the record on appeal,

through July 29, 2010. (Resp.'s Mot. ¶ 7.)

Hawkins does not dispute that he currently has an appeal pending in the state court. However, Hawkins does dispute whether this fact should preclude him from pursuing § 2254 relief in this court.

First, Hawkins argues that "the appeal pending would only create and cause more inordinate delays" and that "time is of the essence, meaning that petitioner's time will be served (15 December 2010)." (Dkt. No. 28 ("Hawkins's Resp.") ¶¶ 11, 16.) The Supreme Court has recognized that, for some prisoners, the path to habeas corpus relief can be quite lengthy. *Carafas v. LaValle*, 391 U.S. 234, 239-40 (1968). This is "partly because of the inevitable delays in our court processes and partly because of the requirement that [prisoners] exhaust state remedies." *Id.* at 240. In recognition of "the hardships that may result from the 'intolerable delay(s) in affording justice,'" the Court held in *Carafas* that a § 2254 petition for habeas corpus relief is not mooted "simply because the path has been so long that [the petitioner] has served his sentence." *Id.* at 239-40 (quoting, in part, the dissenting opinion from *Parker v. Ellis*, 362 U.S. 574, 585 (1960)). The Court in *Carafas* did not, however, suggest that § 2254's exhaustion requirement should be waived as a means of reducing the delays inherent in adjudicating a petition for habeas corpus relief. Hawkins has cited no cases in support of his "time is of the essence" argument, and this court is not aware of any precedent that supports waiving § 2254's exhaustion requirement in light of a petitioner's imminent release from prison or from the requirements of mandatory supervised release. *Cf. United States ex rel. Brown v. Shaw*, No. 09 C 2837, 2009 WL 5166220, at *4 (N.D. Ill. Dec. 21, 2009 (Kennelly, J.)) ("There is no authority in this or any other Circuit that suggests that an appellate process that results in a prisoner being

6

released before his appeal is complete amounts to an inordinate delay *per se*."). The court therefore rejects Hawkins's contention on this point.

Hawkins also argues that he should be excused from § 2254's exhaustion requirement because the state courts are "unavailable and inadequate" for purposes of addressing the claims raised in his § 2254 petition. (Hawkins's Resp.¶¶ 11-13.) In Hawkins's words, the state trial court "got its wires-crossed" (Hawkins's Am. Pet. ¶ II.1(H)(b)), resulting in Hawkins "continually being placed upon a merry-go-round and spin-treatment, only to be forced to return back to the normal procedures/formalities" (Hawkins's Resp. ¶ 6). Hawkins argues that these "inordinate delays, attributable to the State" demonstrate "an absence of available State corrective process." (*Id.* ¶ 13.)

Section 2254's exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," giving state courts the first opportunity to address claims of alleged constitutional violations occurring in their own trial courts. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A federal court's interest in comity becomes less compelling, however, when the relevant state court fails to act in a timely manner. The Seventh Circuit has recognized that "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

Hawkins's post-conviction proceedings have been pending at various levels of the state court for approximately four years, from September 2006 to the present. In *Lowe v. Duckworth*, the Seventh Circuit found that three and one-half years was an inordinate delay when the

petitioner's motion had "lain dormant . . . despite [petitioner's] attempts, by writing to the state court judge, to obtain a ruling." *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). In this case, the record does not reflect this type of inactivity on the part of the state court. (*See* Resp.'s Ex. A ("State Court Docket Sheet").) A cursory review of the State Court Docket Sheet demonstrates that there was almost continuous activity on Hawkins's post-conviction filings and appeals from October 2006 through April 2008. (*Id.*) Less than three months after the record before the appellate court was complete, the Appellate Court of Illinois issued its ruling. (*Id.* at 9.) In light of the complicated procedural posture of Hawkins's case, this three-month delay was not inordinate. *Cf. Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (finding inordinate delay when appointed counsel took over seventeen months to file a brief on behalf of the petitioner).

It then took sixteen months, from July 2008 through November 2009, for the trial court to issue its ruling on remand. While the court considers this delay to be "inordinate" on its face, it will only be considered potentially "unjustifiable" for purposes of excusing § 2254's exhaustion requirement if it is properly attributable to the state of Illinois. *See Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995) (finding eleven-year delay not "unjustifiable" where delay was caused "partially by [petitioner's] own actions and partially by the uninspired performance of his post-conviction counsel"). The record in this case reflects that at least ten months of the delay on remand is attributable to continuances granted by agreement of the parties, or at Hawkins's request. (Resp.'s Ex. A at 9-10.) After the parties' last agreed continuance, the trial court took less than four months to rule on Hawkins's post-conviction petition. (*Id.* at 10.) This delay is not, by itself, inordinate.[1]

---

[1] For the sake of completeness, the court notes that actions taken by an appointed public defender in prosecuting a petitioner's post-conviction petition are not attributable to the state.

8

Taking a step back from the details of the State Court Docket Sheet, this court recognizes that approximately eighteen months (from January 2007 through July 2008) were lost to Hawkins because of the trial court's erroneous reading of the record. While this delay is certainly unfortunate, it is not unjustifiable per se. "Being manned by humans, the courts are not perfect and are bound to make some errors." *Illinois v. Allen*, 397 U.S. 337, 346 (1970). Hawkins acknowledges that his case has now "return[ed] back to the normal procedures/formalities." (Hawkins's Resp. ¶ 6.) Because this court has no reason to believe that the state courts are currently "unavailable" or "inadequate" for purposes of further litigating Hawkins's post-conviction claims, the court concludes that Hawkins is not excused from satisfying § 2254's exhaustion requirement.

Finally, in the alternative, Hawkins argues that he has already presented his post-conviction claims through one full round of review, by presenting them to the Supreme Court of Illinois in an April 23, 2009 motion for a supervisory order. (Hawkins's Resp. ¶¶ 7, 10.) In his April 23, 2009 motion, Hawkins outlined the procedural errors that occurred in the handling of his post-conviction petition and argued "that he should be remanded for a new trial and/or immediate release because the circuit court was in error and . . . movant should not be penalized for the acts/actions and negligence of the circuit court/appellate court and moreso now this Court." (Reply, Ex. A ¶ 15.) Hawkins further argued that his trial counsel was ineffective for

---

*Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). Accordingly, the delay caused by Hawkins's agreed motion for summary disposition and remand to the trial court cannot be attributed to the state of Illinois for purposes of this court's analysis. Hawkins's *pro se* attempt to file his opposition to the appellate court's remand order is irrelevant. *Id.* (because "a lawyer speaks for her client," petitioner may need to "fire" his or her appointed counsel if appointed counsel is the cause of the delay).

failing to file a timely notice of appeal, that his *pro se* request to file a late notice of appeal should have been permitted, and that the circuit court improperly failed to admonish Hawkins regarding his MSR-TERM. (*Id.* ¶¶ 16, 22-24.) The Supreme Court of Illinois denied Hawkins's motion for a supervisory order on May 28, 2009. (Reply, Ex. B.) This court has no reason to believe that the May 28, 2009 order was a ruling on the merits of Hawkins's post-conviction claims, such that Hawkins was thereafter precluded from pursuing these claims before the state trial court for purposes of exhaustion. Because "a prisoner who does nothing more after being turned away by the supreme court has not pursued a *full round* of state-court review," *Dupree v. Jones*, 281 Fed. App'x 559, 560 (7th Cir. 2008) (citing *Crump v. Lane*, 807 F.2d 1394, 1395 (7th Cir. 1986)) (emphasis in original), this court finds that the ruling on Hawkins's April 23, 2009 motion does not satisfy § 2254's exhaustion requirement.

Because Hawkins has failed to exhaust his state court remedies, Respondent's motion to dismiss (Dkt. No. 24) is granted. Respondent has acknowledged that "petitioner would have little time remaining on § 2254(d)(1)'s statute of limitations if his petition were dismissed without prejudice," and has requested in the alternative that this court stay the adjudication of Hawkins's pending § 2254 claims until his state court remedies are exhausted. (Resp.'s Mot. ¶ 18.) Accordingly, Hawkins's § 2254 petition is stayed pending the conclusion of Hawkins's post-conviction proceedings in state court.

2. <u>Motion to Amend & Motion for Preliminary Injunction</u>

Hawkins's "Motion to Amend Proceedings" (Dkt. No. 23) is generally vague and

10

somewhat difficult to interpret. Hawkins appears to argue that this court erroneously dismissed respondents Warden Austin S. Randolph, Jr. and IDOC Director Michael P. Randle, in light of "the fact that the Defendants (as a whole) never responded" to Hawkins's allegations in his initial petition, and in light of Hawkins's allegation "that these terminated Defendants has retaliated against him." (*Id.* ¶¶ 2-3.) Hawkins further contends that he recently had "imposed conditions . . . placed upon him, without any formal hearing and/or right to be heard." (*Id.* ¶ 4.) Hawkins requests "that Defendants: Michael P. Randle, Juan Baltierres and Agent Morris, be attached to this proceedings and that plaintiff intends to show cause how together a conspiracy exists and how specifically together, in a concerted effort, they have infringed upon and/or violated his constitutional rights of due process and equal protection of the laws." (*Id.* ¶ 7.)

As discussed at length above, Hawkins cannot seek relief from this court pursuant to § 2254 without first exhausting his claims before the state courts. Because none of the facts or arguments set forth in Hawkins's motion to amend address this underlying deficiency, Hawkins's motion to amend is denied. Hawkins's "Motion for an Order of Preliminary Injunction and/or to Show Cause" (Dkt. No. 29) is likewise denied in light of the stay of Hawkins's § 2254 petition.

On a final note, the court addresses the appropriate scope of Hawkins's § 2254 petition. Both in Hawkins's motion to amend and in his motion for a preliminary injunction, Hawkins appears to take issue with certain conditions of his MSR term. Section 2254 permits state prisoners to contest "the fact or duration of custody" in federal district court. *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Accordingly, claims attacking the constitutionality of an MSR term *as a whole* may be addressed under § 2254's provisions. *See Lockhart v. Chandler*,

11

446 F.3d 721 (7th Cir. 2006). However, to the extent that Hawkins is attacking the procedures by which his MSR term have been implemented, or is "seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his [MSR term] and his remedy is under civil rights law." *Bunn v. Conley*, 309 F.3d 1002 1007 (7th Cir. 2002) (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)); *see also Moran*, 218 F.3d at 652. Apparently aware of this constraint, Hawkins clarifies that he "is arguing [for] his immediate release" from the conditions of his MSR term. (Reply in Supp. of Hawkins's Mot. for Preliminary Injunction (Dkt. No. 36) ¶¶ 4-5.) For the reasons set forth above, Hawkins cannot proceed with this type of § 2254 claim unless and until it has been exhausted before the state courts.

## CONCLUSION

For the reasons set forth in the Statement section of this order, respondent's "Motion to Dismiss Without Prejudice" (Dkt. No. 24) is granted in part and petitioner Mario D. Hawkins's amended § 2254 petition for writ of habeas corpus (Dkt. No. 16) is stayed pending the conclusion of Hawkins's post-conviction proceedings in state court. Hawkins's "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (Dkt. No. 4), Hawkins's "Motion to Amend Proceedings" (Dkt. No. 23), and Hawkins's "Motion for an Order of Preliminary Injunction and/or to Show Cause" (Dkt. No. 29) are denied.

A status hearing is set for December 2, 2010 at 9:00 a.m. to discuss further scheduling in this case. At that time, Hawkins will be asked once again to advise the court whether he wishes to continue pursuing this litigation, in light of the scheduled conclusion of Hawkins's term of mandatory supervised release on December 15, 2010. One factor Hawkins may wish to consider

12

is the type of relief available under § 2254. *See also Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause").

                                                               ENTER:

                                             _____
                                             JAMES F. HOLDERMAN
                                             Chief Judge, United States District Court

Date: October 7, 2010