IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO D. HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10 C 0384 |
| | ) | |
| JESSE MONTGOMERY, | ) | |
| Director, Illinois Department of | ) | |
| Corrections Parole Division, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Mario D. Hawkins ("Hawkins") has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) he was arrested without a valid warrant and denied the opportunity to appear before a judge within 48-hours of his arrest; (2) his trial counsel was constitutionally ineffective for failing to file a timely notice of appeal; (3) his appellate counsel on initial appeal of his post-conviction petition was constitutionally ineffective for "fail[ing] to allow plaintiff to bring forth other issues/claims"; (4) his term of mandatory supervised release ("MSR") was imposed without proper admonishment by the trial court and is an "excessive" sentence; and (5) unidentified persons or agencies caused inordinate delays that prejudiced Hawkins's ability to seek collateral relief in the state court. (Dkt. No. 16 ("Hawkins's Am. Pet.") ¶ III.1.)

On October 7, 2010, this court stayed briefing on the merits of Hawkins's Amended §

1

2254 Petition pending the conclusion of Hawkins's post-conviction proceedings in state court. (*See* Dkt. Nos. 37, 38.) Five months later, on March 15, 2011, respondent Jesse Montgomery, Director of the Illinois Department of Corrections Parole Division ("Respondent"), was granted leave to file an answer to Hawkins's Amended § 2254 Petition despite the fact that Hawkins's post-conviction proceedings were still pending in state court. (Dkt. No. 50.)

Recognizing that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2), Respondent argues that Hawkins's Amended § 2254 Petition should be denied at this point in the proceedings "because petitioner's claims are either noncognizable, moot, or meritless." (Dkt. No. 51 ("Ans.") at 1.) Hawkins has filed a reply to Respondent's answer, and the matter is fully-briefed before the court.[1]

For the reasons set forth below, Respondent's request that the court deny Hawkins's Amended § 2254 Petition pursuant to § 2254(b)(2) is granted in part and denied in part. Hawkins's stated grounds for habeas relief are each denied on the merits, with the exception of Hawkins's allegation that his trial counsel was constitutionally ineffective for failing to file a notice of appeal. With respect to this remaining claim, Respondent's alternative request that the court continue the stay entered on October 7, 2010 is granted.

## BACKGROUND

---

[1] On January 5, 2011, Hawkins requested the appointment of counsel to represent him in this proceeding. (Dkt. No. 43.) The court took Hawkins's request under advisement, while noting that it "does not have sufficient information about Hawkins's financial status to issue a ruling on Hawkins's motion at this time." (Dkt. No. 45 ("1/14/2011 Order") at 1.) Although Hawkins was mailed the forms necessary to file an amended financial affidavit with the court, he has not done so. Accordingly, Hawkins's motion for appointment of counsel is denied without prejudice.

On August 5, 2005, following a bench trial, Hawkins was convicted of two counts of domestic battery and sentenced to serve two consecutive terms of six years of imprisonment. Hawkins's motion to reduce sentence was thereafter denied on September 15, 2005. Hawkins did not file a timely notice of appeal, allegedly due to the ineffective assistance of his trial counsel. (*See* Hawkins's Am. Pet. ¶ III.1.(B).) Hawkins's *pro se* motion to file a late notice of appeal was denied by the trial court on January 13, 2006, and a similar motion for leave to file a late notice of appeal was denied by the appellate court on April 6, 2006. In a one-sentence order issued on September 15, 2006, the Supreme Court of Illinois denied Hawkins's *pro se* motion for a supervisory order.

Hawkins's subsequent attempts to file a post-conviction petition in the state court in the fall of 2006 quickly became confusing and muddled, as recounted in detail in this court's October 7, 2010 memorandum opinion and order. (Dkt. No. 38 ("10/7/2010 Order") at 4-6.) Ultimately, on October 25, 2010, the Appellate Court of Illinois reversed the state trial court's order summarily dismissing Hawkins's post-conviction petition and remanded the matter to the state trial court for second-stage proceedings under the Illinois Post-Conviction Hearing Act. Hawkins's post-conviction petition remains pending in the Circuit Court of Cook County at the time of this order.

Hawkins filed his initial § 2254 Petition in the Central District of Illinois on December 3, 2009. (Dkt. No. 1.) Hawkins was scheduled to be released from Logan Correctional Center pursuant to a one-year MSR term on December 15, 2009, and he thereafter relocated to Chicago. Hawkins's habeas case was transferred to this court on January 15, 2010 (Dkt. No. 6), and Hawkins filed his Amended § 2254 Petition before this court on March 29, 2010. Hawkins

3

completed his MSR term in December 2010.

## LEGAL STANDARD

Federal habeas review of Hawkins's convictions is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Julian v. Bartley*, 495 F.3d 487, 492 (7th Cir. 2007). Under the AEDPA, relief may be granted only if the state court's final decision on the merits of the petitioner's federal claims was "contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

At this point in the proceedings, the state court has yet to issue a final decision on the merits of Hawkins's post-conviction claims. There is therefore no state court decision for this court to review, and this court is not authorized under § 2254 to grant Hawkins's petition for habeas relief at this time. *See* 28 U.S.C. § 2254(b)(1), (b)(3). On the other hand, this court may deny Hawkins's petition for habeas relief on the merits if appropriate as a matter of law. *See* 28 U.S.C. § 2254(b)(2).

## ANALYSIS

1. Hawkins's Initial Arrest and Detention
   *"Ground one" of Hawkins's Amended § 2254 Petition*

Hawkins first argues that he is entitled to habeas relief because he was "[a]rrested without a valid warrant . . . [and] denied the chance/opportunity to appear before a neutral detached judge/magistrate without unnecessary delay within a 48-hour period," in violation of his due process rights. (Hawkins's Am. Pet. ¶ III.1.(A).) Neither of these arguments states a cognizable right to habeas relief.

4

Section 2254 "authorizes federal courts to entertain claims that a person's 'custody' violates the Constitution." *Clark v. Thompson*, 960 F.2d 663, 665 (7th Cir. 1992). It is an established rule, however "that illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). In other words, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id.*; *see also Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983) ("An illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings."). Accordingly, Hawkins's first ground for habeas relief is denied for failure to state a claim under § 2254.

2.   Ineffective Assistance of Trial Counsel
     *Included in "Ground two" of Hawkins's Amended § 2254 Petition*

Hawkins next argues that his trial counsel was constitutionally ineffective for failing to file a notice of appeal. Specifically, Hawkins alleges that his retained counsel "assured [Hawkins] that he would file plaintiff's appeal after having the hearing on the motion for reconsideration," but that his counsel failed to do so. (Hawkins's Am. Pet. ¶ III.1.(B).) Hawkins further alleges that he "was never contact[ed] and unawares of the rulings," and that by the time he "[found] out that the Court denied [the] motions . . . the time had expired." (*Id.*) "[S]ince counsel told [Hawkins] he would file the appeal," Hawkins "[tried] to contact attorney, [but] attorney totally ignored calls/letters, therefore plaintiff filed a notice for a late notice of appeal" *pro se*. (*Id.*) Hawkins's *pro se* attempt to file a late notice of appeal was denied by the trial court. (*Id.*)

"When a defendant in a criminal case specifically instructs a lawyer to file a notice of appeal, the lawyer's failure to do so deprives the defendant of the Sixth Amendment right to

5

counsel, regardless of whether an appeal was likely to succeed." *Ryan v. United States*, __ F.3d __, No. 10-2564, 2011 WL 4350045, at *2 (7th Cir. Sept. 16, 2011) (collecting cases). By way of relief, the petitioner in such a situation "is entitled to have his criminal judgment vacated and reimposed to permit a direct appeal." *Id.*

Respondent argues that, in this case, "Petitioner does not allege that he specifically instructed his lawyer to file a notice of appeal. Rather, his petition and his state court pleadings make clear that, at most, counsel merely failed to consult with petitioner about whether to file a notice of appeal." (Ans. 11.)

The court disagrees with this characterization of the record. Hawkins has alleged that his attorney told him that he, the attorney, would file a notice of appeal, suggesting that counsel did discuss the matter with Hawkins. In his sworn reply brief, Hawkins explicitly states that he "expressed his desire to appeal" to his counsel and "requested" that his counsel file an appeal. (Dkt. No. 54 ("Hawkins's Reply") at 5.) While Hawkins also states that "retained counsel and state appellate counsel, never actually conferred with [him]" (*id.*), the court finds a "natural reading of these allegations is that [Hawkins] told his counsel to appeal, and counsel thereafter failed to consult him." *Ryan*, 2011 WL 4350045, at *3. Hawkins's state court pleadings are not inconsistent with this interpretation of the record. Because Hawkins has not pleaded himself out of court, the court denies Respondent's request to deny this aspect of Hawkins's second ground for habeas relief pursuant to § 2254(b)(2).

3. <u>Ineffective Assistance of Appellate Counsel</u>
   *Included in "Ground two" of Hawkins's Amended § 2254 Petition*

Next, Hawkins alleges that his "Appellate Attorney" was constitutionally ineffective for "fail[ing] to allow plaintiff to bring forth other issues/claims." (Hawkins's Am. Pet. ¶ III.1.(B).)

6

Hawkins was never represented by appellate counsel during the course of a direct appeal, in part because Hawkins's *pro se* attempts at filing a direct appeal were rejected by the courts. This allegation must therefore refer to Hawkins's counsel on appeal of the denial of his post-conviction petition. Section 2254 makes clear that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Accordingly, this aspect of Hawkins's second ground for habeas relief is denied for failure to state a claim under § 2254.

4.  Claims Related to Hawkins's MSR Term
    *"Ground three" of Hawkins's Amended § 2254 Petition*

Hawkins next alleges that his MSR term was imposed without proper admonishment from the trial court and is unconstitutionally excessive. (Hawkins's Am. Pet. ¶ III.1.(C).)

The Supreme Court has held that the completion of an MSR term moots a habeas petition seeking to eliminate an MSR term from the petitioner's sentence. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.."). In this proceeding, Hawkins has made clear that he is requesting "monetary damages" and "compensation for each day held over his state issued sentence." (Hawkins's Am. Pet. ¶ III.1.(C); Hawkins's Reply 7.) The reasoning set forth in *Lane v. Williams* therefore does not apply to Hawkins's claim in this case.

On the other hand, it is clear that the court cannot grant Hawkins's requested relief. Simply put, "[m]onetary damages are not available directly through a petition for a writ of habeas corpus." *Williamson v. Morgan*, No. 10-C-1124, 2011 WL 197198, at *1 (E.D. Wis. Jan. 19, 2011) (Goodstein, M.J.); *see also Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the

7

case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Accordingly, Hawkins's third ground for habeas relief is denied because it fails to state a claim for which the requested relief can be granted under § 2254.

For the sake of completeness the court notes, like Respondent, it is unaware of any "federal constitutional requirement that a defendant who goes to trial must be admonished that, if convicted, he will be subject to a term of MSR in addition to any sentence of incarceration imposed." (Ans. 18.) Likewise, the court rejects Hawkins's assertion that his MSR term in inherently excessive. *See Henry v. Page*, 223 F.3d 477 (7th Cir. 2000) ("in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion") (quoting *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992)). To the extent Hawkins is challenging the conditions of his MSR term, his remedy is under civil rights law and not habeas review. (*See* 10/7/2010 Order 11-12.)

5. Inordinate Delay
    *"Ground four" of Hawkins's Amended § 2254 Petition*

Finally, Hawkins alleges that the State has "created inordinate delay" by failing to promptly respond to his post-conviction pleadings and grievances in state court. (Hawkins's Am. Pet. ¶ III.1.(D).) In his reply brief, Hawkins clarifies the factual basis for this claim. Specifically, Hawkins alleges that "unidentified persons or agencies" have engaged in "official misconduct" by falsely claiming in post-conviction proceedings that Hawkins's "has requested a continuance through a court-appointed attorney." (Hawkins's Reply 8.) In reality, Hawkins contends, "petitioner has not been contacted by anyone from the cook county's public defender's offices." (*Id.*)

8

The state court record on file with this court indicates that, on remand, a public defender was appointed to represent Hawkins in post-conviction proceedings before the trial court. (Resp. Ex. A, at "Page 012" (11/18/10 entry and 01/19/11 entry).) This individual appears to have filed at least one motion for a continuance on Hawkins's behalf. (*Id.* at "Page 013" (02/16/11 entry).) The Seventh Circuit has made clear that actions taken by an appointed public defender in prosecuting a petitioner's post-conviction petition are not attributable to the State. *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). If Hawkins is dissatisfied with the performance of his court-appointed attorney, or feels that his court-appointed attorney is misrepresenting his interests, Hawkins must address these issues in state court. *Id.* ("All [petitioner] need do is fire [counsel] and request a hearing."). The court finds no evidence of State-created inordinate delay on the record as it now stands.

More important, "federal habeas corpus does not supply a remedy" for "a state court's inordinate delay in hearing and deciding a state petition for post-conviction relief." *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) (citing *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)). Rather, "[i]nordinate, unjustifiable delay in a state-court collateral proceeding" can function to "excuse[ ] the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson*, 112 F.3d at 881. In its order of October 7, 2010, this court rejected Hawkins's argument that there has been inordinate delay in this case. (10/7/2010 Order 6-9.)

Hawkins has failed to state a claim under § 2254 on this issue, and his fourth ground for habeas relief is denied.

CERTIFICATE OF APPEALABILITY

9

Because the court has not "enter[ed] a final order adverse to the applicant," the court need not issue or deny a certificate of appealability at this time. *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

CONCLUSION

For the reasons set forth above, Respondent's request that the court deny Hawkins's Amended § 2254 Petition pursuant to § 2254(b)(2) is granted in part and denied in part. Hawkins's stated grounds for habeas relief are each denied on the merits, with the exception of Hawkins's allegation that his trial counsel was constitutionally ineffective for failing to file a notice of appeal. With respect to this remaining claim, Respondent's alternative request that the court continue the stay entered on October 7, 2010 is granted. This case is set for a report on the status of Hawkins's state court case on October 11, 2011.

In light of the fact that Hawkins has completed both his term of incarceration and his term of mandatory supervised release, Hawkins is again advised to consider the type of relief available to him under § 2254. *See Ryan v. United States*, __ F.3d __, No. 10-2564, 2011 WL 4350045, at *2 (7th Cir. Sept. 16, 2011) (if counsel found to be constitutionally ineffective for failing to file a notice of appeal despite defendant's specific request, habeas petitioner "is entitled to have his criminal judgment vacated and reimposed to permit a direct appeal."). Hawkins is requested to appear in person at the October 11, 2011 status hearing to apprise the court whether he wishes to pursue this litigation.

Hawkins's pending "Motion for Appointment of Counsel" [43] is denied without prejudice due to Hawkins's failure to file an amended financial affidavit consistent with the court's January 14, 2011 order. In the event the court ultimately determines that "an evidentiary

hearing is warranted" on Hawkins's remaining claim, counsel will be appointed consistent with Rule 8(c) of the Rules Governing § 2254 Cases and 18 U.S.C. § 3006A (limiting representation to those individuals who are "financially eligible").

                                              ENTER:

                                              _____
                                              JAMES F. HOLDERMAN
                                              Chief Judge, United States District Court

Date: September 22, 2011